## RHODE ISLAND HOSPITAL TRUST COMPANY *vs.* FRANK F. OLNEY *et als.*

The decision of this court given in the next preceding case, *Pell* v. *Mercer*, relative to the law of charitable uses, of testamentary charitable gifts, and of the *cy pres* jurisdiction of the court, affirmed.

Testamentary disposition as follows:

"One quarter part of my trust property to be given to educational institutions similar to those mentioned in article thirteen, and the remaining quarter part of my trust property to be given to charitable institutions similar to those mentioned in article thirteen."

*Held*, not to be invalid simply because indefinite.

BILL IN EQUITY to obtain a judicial construction of the following portions of the will of Stephen T. Olney, proven before this court at its October Term, A. D. 1879.

### EXTRACTS FROM CLAUSE "SIXTH."

"13. There is now by this instrument a provision made for the payment of annuities amounting to a minimum sum of three thousand and five hundred dollars up to a maximum of four thousand nine hundred dollars per annum. There shall be kept an income account, the credit side of which shall show the receipts from earnings on my investments, and the debit stands charged with the payment of the annuities. Whenever this income account shall show a credit balance of four thousand dollars, then the sum shall be paid to the Rhode Island Hospital for the endowment of a free bed in that humane institution, which sum shall be charged to said income account; whenever this income account shall show a further balance of twenty five thousand dollars, then my said trustees shall pay over to any institution that may be established as a Home for Aged Men the said sum of twenty five thousand dollars; and if this donation be the largest made, then a suggestion is here made that it should be called the Olney Home for Aged Men; whenever a further balance shall be shown of ten thousand dollars, then such sum of money shall be paid to the Children's Friend Society by my said trustees; whenever a fur-

ther balance of ten thousand dollars shall be shown on said income account, then said sum of ten thousand dollars shall be paid to Brown University as a fund, the income of which shall be spent for an increase of plants and botanical books donated to said Brown University ; whenever a further sum of twenty five thousand dollars shall be shown on said income account, then the said sum of twenty five thousand dollars shall be paid to Brown University for the endowment of a professorship of Natural History in said institution ; one of the duties of the professor shall be to give regular courses of botanical lectures.

" 14. When my nephew, Stephen T. Olney, shall arrive at the age of twenty five years, and a decision shall be made as to the payment of the sum provided by section twelve of article six, then such annuities as are provided for after such decision in this will may be changed by purchase in some sound trust company, guarding all such purchases that the annuitant in all such cases shall not have the power of disposing of the same, and the annual sum only shall be paid to the annuitant. Then the entire trust property remaining shall be divided as follows :

" One quarter part to be paid to my nephew Frank F. Olney, if living ; if not, to his surviving male children or child (male).

" One quarter part to be paid to my nephew Stephen T. Olney, if. living; if not living, to his surviving male child or male children.

" In the event of the decease of either of my said nephews without surviving male issue the half part of said remainder of my trust estate is to be paid to the surviving nephew, if not surviving, male child or male children ; and if there be no nephew, or male child of such nephew, then this half of the trust property is to be divided with the portion next to be mentioned.

" One quarter part of my trust property to be given to educational institutions similar to those mentioned in article thirteen, and the remaining quarter part of my trust property to be given to charitable institutions similar to those mentioned in article thirteen."

*March* 6, 1884.    DURFEE, C. J.    This is a bill for instruction brought by the complainant as executor and trustee under the will of the late Stephen T. Olney.    The bill shows that the provi-

sions of the will have been fully carried out except the provision for the distribution of the final residue under the trust created by the will. This residue is divided by the will into quarters, two of which go to the testator's nephews, and the other two as follows, to wit : " One quarter of my trust property to be given to educational institutions similar to those mentioned in article thirteen, and the remaining quarter of my property to be given to charitable institutions similar to those mentioned in article thirteen." By article thirteen certain accumulations of income were given as follows, to wit : Four thousand dollars to the Rhode Island Hospital, for the endowment of a free bed ; twenty five thousand dollars to the Home for Aged Men ; ten thousand dollars to the Children's Friend Society ; ten thousand dollars to Brown University, as a fund, the income of which is to be spent for the increase of plants and botanical books; and twenty five thousand dollars to Brown University, for the endowment of a professorship of natural history. The questions on which the complainant asks for instruction are : *first*, whether the two quarters remaining for educational and charitable institutions must be given to similar institutions other than those named in article thirteen, or may be given to them as well; *second*, if they are to be given to other institutions, what is or are to be the classes of such other institutions, and where are they to be located ; and, *third*, how are the institutions to be selected from the several classes, and must the distribution be in equal shares among those which are selected.

The next of kin of the testator, having been made defendants, answer the bill, and in their answer claim that the bequest of one quarter of the *residuum* to educational institutions similar to those mentioned in article thirteen, and of another quarter to charitable institutions similar to those mentioned in article thirteen, is so indefinitely expressed that it cannot be carried into effect, and, therefore, that the two quarters belong to them as intestate estate. It has been agreed that the question thus presented shall be decided as a preliminary question, before the questions propounded by the bill are discussed.

The question is substantially the same as one of the questions involved in the case of *Pell* v. *Mercer et als.*, *ante*, p. 412.

In that case we decided that a bequest of personal estate in trust

for such works of religion or benevolence as the executors of the will should select is a good gift to charitable uses.  In the course of our opinion in that case we considered how far the English law of charitable uses, not including, of course, any modifying English statute, was a part of the law of this State, and we came to the conclusion that the law of charitable uses, as administered in the English chancery courts, in the exercise of their regular jurisdiction, is a part of the law of the State.  We also came to the conclusion that this court, by virtue of the plenary jurisdiction in equity conferred upon it by statute, Pub. Stat. R. I. cap. 192, § 8, has so much of the *cy pres* power as the chancery courts of England exercise without having recourse to the prerogative branch of the power which is delegated in particular cases under the sign manual of the crown.  It follows, of course, that the bequest here of the two quarters of the *residuum* aforesaid, being a bequest to charitable uses, is not invalid simply on account of its indefiniteness.

The case will, therefore, stand for further hearing on the other questions involved in it.

*James Tillinghast*, for complainant.

*James M. Ripley*, for the Olney heirs.

*Joseph C. Ely*, for the Home for Aged Men.

*Charles S. Bradley, J. C. B. Woods & Walter F. Angell*, for Brown University.

*Charles Hart*, for the Rhode Island Hospital.

*Benjamin T. Eames & J. C. B. Woods*, for the Children's Friend Society.